**NOT FOR PUBLICATION**

```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

DAVID C. ROARY,  :
: Civ. Action No. 17-2674 (RMB)
    Plaintiff,  :
:
    v.  : **OPINION**
:
:
ATLANTIC COUNTY JUSTICE  :
FACILITY *et al.*,  :
:
    Defendants.  :
:

**BUMB**, District Judge:

    Plaintiff David C. Roary, an inmate confined in Atlantic County Justice Facility ("ACJF"), in Atlantic City, New Jersey, filed a civil rights action under 42 U.S.C. § 1983 on April 19, 2017. (Compl., ECF No. 1.) Plaintiff seeks to proceed without prepayment of fees ("*in forma pauperis*" or "IFP") under 28 U.S.C. § 1915(a). (IFP App., ECF No. 1-2.) Plaintiff has filed a properly completed IFP application, establishing his financial eligibility to proceed *in forma pauperis*, and his application will be granted.

    The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can

2

be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

II. DISCUSSION

    A.    The Complaint

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff named the Atlantic County Justice Facility, Warden Geraldine Cohen, Executive Dennis Levinson, and Chairman Frank Formica as defendants in this civil rights action (Id.) Plaintiff alleges the Atlantic County Justice Facility does not have a law library where inmates can do independent legal research. (Id. at 4.) Plaintiff asserts the lack of a law library prevents him from properly defending his two indictments, denying him the right of access to the courts and causing him to suffer depression. (Id. at 4-5.)

    B.    Section 1983 claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person

3

> within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

Prisoners have a right of access to the courts under the First and Fourteenth Amendments. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, there is no "freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). An adequate law library is only one of many acceptable ways to satisfy the right of access to courts. Diaz v. Holder, 532 F. App'x 61, 63 (3d Cir. 2013.) For example, the right can be satisfied by appointing an attorney or providing the assistance of paralegals. Id.

To state a claim, an inmate must show the alleged shortcomings in the library or legal assistance program "hindered his efforts to pursue a legal claim." Casey, 518 U.S. at 351. Thus, there is an actual injury requirement for a right

of access to courts claim. Id. Examples of actual injuries include dismissal of a complaint or the inability to bring a complaint due to inadequacies of the law library. Id.

> Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'- that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit.

Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)).

Plaintiff's claim fails because it assumes there is a freestanding right to independent access to a physical law library. There is not. Furthermore, Plaintiff has not pled an actual injury caused by the inadequacy of legal assistance at ACJF. This claim, against all defendants, will be dismissed without prejudice.

III. CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's IFP application and dismisses the Complaint without prejudice.

An appropriate order follows.

Dated: June 8, 2017

                                         s/Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         United States District Judge