**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DAVID C. ROARY, | : | |
| | : | Civ. Action No. 17-2674 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ATLANTIC COUNTY JUSTICE FACILITY *et al.*, | : | |
| | : | |
| Defendants. | : | |

**BUMB**, District Judge:

Plaintiff David C. Roary, an inmate confined in Atlantic County Justice Facility ("ACJF"), in Atlantic City, New Jersey, filed a civil rights action under 42 U.S.C. § 1983 on April 19, 2017. (Compl., ECF No. 1.) On June 8, 2017, this Court screened the original complaint pursuant to 28 U.S.C. §§ 1915(a), 1915A, and dismissed the complaint without prejudice for failure to state a claim upon which relief may be granted. (Opinion, ECF No. 3; Order, ECF No. 4.) On July 31, 2017, Plaintiff filed an amended complaint,[1] which this Court must also screen for dismissal.

---

[1] Plaintiff's submission includes two substantially identical Prisoner Civil Rights Complaint forms. The Court determines that Docket Entry 8 at pages 1-5 comprises a complete copy of the amended complaint.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a *pro se* complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

II. DISCUSSION

A. The Amended Complaint

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. (Am. Compl., ECF No. 8 at 1-4.) Plaintiff named Warden Geraldine Cohen, Executive Dennis Levinson, and Librarian Brian McNew of the Atlantic County Justice Facility as defendants in this civil rights action (Id.) Plaintiff alleges Warden Cohen violated his constitutional rights by limiting his legal material requests to fifty pages per week; that Cohen failed to hire a legally qualified librarian; that Cohen failed to supervise Librarian Brian McNew's compliance with the ACJF rule and regulation handbook; and that Cohen failed to assure Plaintiff of adequate access to the courts. (Am. Compl., ECF No. 8 at 3.) Plaintiff also asserts liability against Executive Dennis Levinson for limiting legal materials at ACJF to fifty pages a week; and for failing to hire qualified staff to assist Plaintiff with adequate access to the courts. (Id. at

3

4.) Finally, Plaintiff seeks to hold Librarian Brian McNew liable for failing to return Plaintiff's legal request on November 21, 2016, and for failing to provide additional legal materials he requested.

Plaintiff asserts these deprivations prevented him from properly defending against two Superior Court and one Municipal Court Indictment(s), and caused him bouts of depression. (Id. at 5.)

    B.    <u>Section 1983 claims</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

4

under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Prisoners have a right of access to the courts under the First and Fourteenth Amendments. Bounds v. Smith, 430 U.S. 817, 821 (1977). To state a claim, an inmate must show the alleged shortcomings in the library or legal assistance program "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). Thus, there is an actual injury requirement for a right of access to courts claim. Id. Examples of actual injuries include dismissal of a complaint or the inability to bring a complaint due to inadequacies of the law library. Id.

> Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'-that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit.

Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)).

Plaintiff's allegation that he was unable to "properly defend" himself against several indictments is insufficient to establish an actual injury. First, if Plaintiff was appointed an attorney for his defense, then he was not denied access to the courts. See Diaz v. Holder, 532 F. App'x 61, 63 (3d Cir. 2013)

(citing Degrate v. Godwin, 84 F.3d 768, 768–69 (5th Cir. 1996) (holding that prisoner did not have right to access law library because he had court-appointed counsel). Second, assuming Plaintiff was not represented in his defense, he must allege what materials he was unable to obtain in support of his defense, and he must describe how, but for the failure to provide such assistance, he lost a chance to pursue a nonfrivolous defense. See Casey, 518 U.S. at 354 (the right of access to courts is not a guarantee that a State enable a prisoner to litigate effectively once in court).

Plaintiff has not pled an actual injury caused by the inadequacy of the legal assistance program at ACJF. This claim, against all defendants, will be dismissed without prejudice.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the amended complaint without prejudice.

An appropriate order follows.

Dated: December 11, 2017

                                  s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  United States District Judge