**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DAVID C. ROARY, :
: Civ. Action No. 17-2674 (RMB)
    Plaintiff, :
:
    v. : **MEMORANDUM AND ORDER**
:
:
ATLANTIC COUNTY JUSTICE :
FACILITY *et al.*, :
:
    Defendants. :

On April 19, 2017, Plaintiff David C. Roary, an inmate confined in Atlantic County Justice Facility, filed a civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) This Court screened Plaintiff's complaint and dismissed it without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. (Opinion and Order, ECF Nos. 3, 4.) Plaintiff submitted an amended complaint on July 31, 2017 (ECF No. 8), which this Court also screened and dismissed without prejudice for failure to state a claim. (Opinion and Order, ECF Nos. 9, 10.)

Presently before the Court is Plaintiff's letter explaining that he cannot meet the deadline to file an amended complaint. (Letter, ECF No. 13.) Plaintiff wishes to stay his case until he is released from confinement and can obtain an attorney.

"The 'party requesting a stay bears the burden of showing that the circumstances justify an exercise' of the Court's discretion to issue a stay." Akishev v. Kapustin, 23 F. Supp. 3d 440, 446 (D.N.J. 2014)(quoting Nken v. Holder, 556 U.S. 418, 433–34 (2009)(citing Clinton v. Jones, 520 U.S. 681, 708 (1997)). This Court does not find good cause to stay this action because it does not appear that Plaintiff can plead facts that would establish a constitutional injury based on the alleged deficiencies in the Atlantic County Justice Facility's provision of legal materials.

The Court will, however, grant Plaintiff a sixty-day extension of time to file a second amended complaint. Plaintiff may also choose, within this sixty-day period, to voluntarily dismiss this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff, however, should be advised that voluntary dismissal of the action does not toll the statute of limitations. See Beck v. Caterpillar Inc., 855 F. Supp. 260, 264 (C.D. Ill. 1994), aff'd 50 F.3d 405 (7th Cir. 1995)("if a plaintiff seeks to refile the dismissed claim, he or she may do so, but only within the remaining time period permitted by the relevant statute of limitations. In other words, the statute of limitations is not tolled during the pendency of a case that is voluntarily dismissed")(citations omitted).

**IT IS** therefore on this **26th** day of **April 2018,**

**ORDERED** that the Clerk shall reopen this matter to address Plaintiff's letter filed on April 13, 2018; and it is further

**ORDERED** that Plaintiff shall have a sixty-day extension of time, from the date of this Order, to submit a second amended complaint in this matter; and it is further

**ORDERED** that the Clerk shall close this matter; however, Plaintiff may reopen this case if, within 60 days of the date of this Order, he submits to the Clerk of Court at Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, a second amended complaint that cures the deficiencies of his claim(s) described in the Opinion dated December 11, 2017; alternatively, within the sixty-day period, Plaintiff may voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

<u>**s/Renée Marie Bumb**</u>
RENÉE MARIE BUMB
United States District Judge